## H. G. WALTERS *v.* P. J. BLEVINS' EXR.

[Abstract Kentucky Law Reporter, Vol. 3—386.]

**Building Destroyed on Real Estate Sold.**

Where a commissioner sells real estate, the destruction of a build-
ing upon it before confirmation of the deed does not release the pur-
chaser from liability, for where the judgment directed the property
sold it belonged to the appellant from the date of his purchase.

APPEAL FROM POWELL CIRCUIT COURT.

October 29, 1881.

OPINION BY JUDGE PRYOR:

There is no defect in the title pointed out by any exception to
the commissioner's report, and the proof conduces to show that

the rails were taken from the land before the sale. If taken after the sale the appellant would be compelled to take the property and look to the trespasser for reparation.

The commissioner sold only the boundary of the land mentioned in the judgment, and it appears that this did not embrace the building forming the subject of the exception, and if it is within the boundary the appellant can recover its value from the wrongdoer. The destruction of the property before confirmation does not release the purchaser from liability, and if the judgment directed this property to be sold it belonged to the appellant from the date of his purchase. The commissioner had no power to sell more property than the judgment authorized, and the proof shows that he did not exceed his authority. His report of sale and his own testimony establishes this fact, and while there is conflicting proof, the court should sustain the commissioner's report, unless it ·is made manifest that he has violated the instructions given him.

The purchaser could have ascertained what was ordered to be sold, by looking to the judgment and in this case we are satisfied he obtained the boundary of land purchased by him. If the other proceedings are irregular it can not affect his title. He acquired by his purchase a title of which he can not be divested by any of the parties to the action.

Judgment confirming the sale is *affirmed*.

*Fluty, Lilly & White, for appellant.*

*W. H. Holt, for appellee.*